UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT COMO,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV 06-06314 AGR<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Robert Como ("Como") filed a Complaint on October 5, 2006. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 23 and April 5, 2007. The parties filed a Joint Stipulation on June 13, 2007 that addresses the disputed issues in the case. The Commissioner filed the certified administrative record ("AR"). The Court has taken the Joint Stipulation under submission without oral argument.

      Having reviewed the entire file, the Court reverses the decision of the Commissioner.

///

///

**I.**

**PROCEDURAL BACKGROUND**

On November 14, 2002, Como filed an application for Supplemental Security Income benefits.  A.R. 14.  The Commissioner denied the applications initially and upon reconsideration.  A.R. 32, 34.  Como requested a hearing.  A.R. 49.  The Administrative Law Judge ("ALJ") conducted a hearing on March 2, 2006.  A.R. 341-380.  On April 10, 2006, the ALJ issued a decision denying benefits.  A.R. 11-21.  The ALJ concluded that Como "has not been under a disability within the meaning of the Social Security Act at any time through the date of this decision."  *Id.* at 14.

Como filed a request for review of the ALJ decision.  A.R. 10.  On August 10, 2006, the Appeals Council denied the request for review.  A.R. 6-9.  This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

# III.

# **EVALUATION OF DISABILITY**

"A person qualifies as disabled, and thereby eligible for such benefits, 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

There is a rebuttable presumption of nondisability pursuant to *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), based on a different ALJ's decision denying benefits on October 24, 2002. A.R. 22-31. In a subsequent application for benefits, the claimant "must prove 'changed circumstances.'" *Chavez*, 844 F.2d at 693. Changed circumstances may include age, a claim of impairment not considered in the previous application(s), or an increase in the severity of an existing impairment. *Lester v. Chater*, 81 F.3d 821, 827-28 (9th Cir. 1995).

In this application, the ALJ found changed circumstances in the unadjudicated period commencing October 25, 2002. A.R. 16. The ALJ found that Como has "degenerative disc disease, lumbar spondylosis, back pain, hip pain and arthritis, sacroiliac sclerosis, alcohol abuse, and depression." *Id.* The ALJ found that Como "has the residual functional capacity to perform a range of light unskilled work, with the option to sit or stand as needed to relieve pain or discomfort, with standing and/or walking limited to four hours per workday, avoiding exposure to vibration, and limited to occasional climbing of ramps or stairs, bending, stooping, crouching, or crawling." A.R. 17. The ALJ found that "there are jobs that exist in significant number in the national economy that the claimant can perform." A.R. 20. The vocational expert identified assembly, packaging, and inspecting, consistent with the Dictionary of Occupational Titles (DOT). A.R. 21.

Como argues that the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence; the ALJ did not properly assess Como's credibility; and the ALJ erred at Step Five of the sequential analysis.

### A. The ALJ's Residual Functional Capacity Determination

The Residual Functional Capacity (RFC) determination at Step Four measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC assessment is a determination of "the most [an individual] can still do despite [his or her] limitations. 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).

Como argues that his mental RFC renders him unable to engage in competitive employment on a consistent basis and that the ALJ erred in assessing his mental limitations.[1] The ALJ found that Como "is mentally able to perform unskilled work" based on a nonexamining State Agency physician's "check the box" form. A.R. 17; A.R. 275-283. In so doing, the ALJ improperly rejected the opinions of Como's treating psychiatrist and consultative examining psychiatrist. A.R. 19. The ALJ did not give specific, legitimate reasons supported by substantial evidence for her rejection.

Where, as here, the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors including the following: (1) length of the

---

[1] In addition, Como argues that his RFC is no more than sedentary work and that the ALJ erred in finding that he was not credible. Because the Court remands on the basis of Como's mental limitations, the Court does not reach Como's arguments as to his physical RFC or credibility.

treatment relationship and frequency of examination;[2] (2) nature and extent of the treatment relationship;[3] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. § 404.1527(d)(1)-(6).

Social Security Ruling 96-2p explains that "a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Orn*, 495 F.3d at 631-32 (quoting SSR 96-2p).

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Id.* at 631. Where a treating physician's opinion is contradicted by another doctor, "'the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Id.* at 632 (citations omitted).

The opinion of the nonexamining State Agency physician, Dr. Taylor, is entitled to less weight than a treating physician or an examining physician. *Andrews v. Shalala*,

---

[2] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[3] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

53 F.3d 1035, 1041 (9th Cir. 1995).  A nonexamining physician's opinion constitutes substantial evidence when it is supported by other evidence in the record and is consistent with it.  *Id.*  Here, however, Dr. Taylor's opinion was contained in a conclusory "check the box" form, without explanation or reference to supporting evidence.  A.R. 275-284; *see Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected conclusory check-list report); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (rejecting check-off reports without explanation of  conclusions).

By contrast, Como's treating psychiatrist, Dr. Vintos, treated him during the period 2002-2005 and had a unique perspective on Como's condition.  *See* A.R. 239-249, 311-322, 335-338.  Dr. Vintos' mental impairment questionnaire dated October 19, 2005, expressed the opinion that Como would have difficulty working at a regular job on a sustained basis.  A.R. 338.  Dr. Vintos diagnosed Como with major depressive disorder, a GAF score of 45 and a poor, uncertain prognosis.  A.R. 335, 337.  Dr. Vintos noted that Como exhibits signs of poor memory, mood disturbance, emotional lability, social withdrawal or isolation, decreased energy, feelings of guilt/worthlessness, difficulty thinking or concentrating, generalized persistent anxiety, and hostility and irritability.  A.R. 335-336.  Dr. Vintos' questionnaire is consistent with his contemporaneous records as a whole.  *E.g.*, A.R. 240 (anxiety, poor insight, constricted affect, does nothing); A.R. 241 (depression, poor to fair insight); A.R. 311 (anxiety); A.R. 315 (irritable, anxious, sad, distressed, poor sleep); A.R. 320 (low energy level, depression); A.R. 321 (fair memory-concentration, poor insight).  As discussed below, Dr. Vintos' opinion is consistent with the examining physician, Dr. Salonga.  For these reasons, Dr. Vintos' opinion is entitled to deference.  *Orn*, 495 F.3d at 632-34; 20 C.F.R. § 404.1527(d)(2)-(3).

The examining physician, Dr. Salonga, examined and reported on Como's psychiatric condition in 2003.  A.R. 261-266.  Dr. Salonga diagnosed Major Depression, recurrent, most recent episode severe with psychotic features, with a GAF score of 38.

6

A.R. 265. Dr. Salonga noted that Como had a depressed/dysphoric mood, and was preoccupied with guilt, worthlessness, helplessness and some hopelessness, some death wishes, and some paranoid ideations/delusions. A.R. 263-264. Dr. Salonga noted impaired concentration, attention and memory, and poor insight. A.R. 264. Como's history showed "severe vegetative symptoms, loss of interest and motivation, withdrawal and isolation, slight difficulty with self-care, marked limitations in daily activities and marked difficulty in getting along with family and other people." A.R. 265. Dr. Salonga concluded:

> Based on the above findings using the State MSS criteria, the patient would have marked difficulty in tolerating the stress inherent in the work environment and in maintaining regular attendance on a sustained basis. He would have marked limitations in interacting appropriately with supervisors, coworkers, and the public in the workplace. He would have marked limitations in taking directions from supervisors and in getting along with the co-workers on a sustained basis. He would have extreme difficulty in maintaining adequate concentration and pace during an eight-hour workday. The patient would have marked difficulty in coping with job's pressures and would be prone to episodes of emotional deterioration from stress related to job. He would have extreme difficulty dealing with changes in the work place. He would have moderate difficulty in remembering and carrying out simple tasks in a normal workweek without interruption.

A.R. 265-66.

The ALJ first rejected Dr. Salonga's opinion because he diagnosed "comorbid alcohol abuse" but did not provide an opinion as to "expected limitations in the absence of alcohol abuse." A.R. 18; *see also* A.R. 19. However, Dr. Salonga did not diagnose

alcohol abuse. Dr. Salonga stated that Como's major depressive disorder is "complicated by substance abuse in the past (in remission for many years) and ***probably by alcohol abuse*** (although he is denying having problems with alcohol, which is not unusual)." A.R. 265 (emphasis added). The ALJ's statement that Como "reported chronic abuse of alcohol to the consultative examiner" (A.R. 19) is not correct – Dr. Salonga reports that Como denied such abuse. A.R. 265. Dr. Salonga's speculation as to "probable" alcohol abuse does not constitute "medical evidence" of alcoholism. Pursuant to applicable regulations, absent "medical evidence of your drug addiction or alcoholism," there was no need for a determination of whether alcohol abuse was a contributing factor material to the determination of a disability. 20 C.F.R. § 1535(a). This is not a sufficient basis for rejecting Dr. Salonga's opinion.

The ALJ also improperly rejected Dr. Salonga's opinion on the ground that, contemporaneously in 2003, Dr. Vintos did not diagnose psychosis and did not prescribe antipsychotics. A.R. 18-19. While the ALJ's statement is correct as far as it goes, Dr. Salonga did not claim that psychosis caused Como's psychological impairments. "An ALJ may not exclude a physician's testimony for a lack of objective evidence of impairments not referenced by the physician. Rather, an ALJ must evaluate the physician's assessment using the grounds on which it is based." *Orn*, 495 F.3d at 635. Further, the ALJ's references to isolated positive statements in Dr. Salonga's report (A.R. 19-20) is not sufficient to support rejection of Dr. Salonga's overall opinion. A.R. 19; *see Reddick v. Chater*, 157 F.3d 715, 723 (9th Cir. 1998) (ALJ erred "by not fully accounting for the context of materials or all parts of the testimony and reports").

The ALJ next improperly rejected Dr. Vintos' opinion as excessive, unsupported by ongoing objective evidence of record, and unaccompanied by objective testing. A.R. 19. Although the absence of objective testing may be sufficient to deny Dr. Vintos' opinion controlling weight, it does not justify rejecting Dr. Vintos' opinion entirely. *Orn*, 495 F.3d at 632 (quoting SSR 96-2p). As discussed above, Dr. Vintos' report was not

excessive and was consistent with the record as a whole (including Dr. Salonga's report).  "The primary function of medical records is to promote communication and recordkeeping for health care personnel – not to provide evidence for disability determinations.  We therefore do not require that a medical condition be mentioned in every report to conclude that a physician's opinion is supported by the record."  *Id.* at 634.

The ALJ also improperly rejected Dr. Vintos' opinion on the grounds that the report of psychosis took place for the first time in October 2005 and Dr. Vintos failed to take into account Como's alcohol abuse.  A.R. 19.  Psychosis does not appear to be a basis for Dr. Vintos' opinion.[4]  *See Orn*, 495 F.3d at 634-35.  The ALJ's statement that Como "reported chronic abuse of alcohol to . . . Dr. Vintos" is not correct.  The ALJ did not cite to anything in the record, and the Court has not located a report of alcohol abuse during the relevant period to Dr. Vintos.[5]

Because the ALJ's rejection of Dr. Salonga and Dr. Vintos was not supported by substantial evidence, their opinions are credited as a matter of law.  *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

**B.     Step Five Analysis**

At Step Five of the sequential analysis, the Commissioner bears the burden of demonstrating that there is other work in "significant numbers" in the national economy that the claimant can do.  *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to

---

[4]     Dr. Vintos' notes in October 2005 state that Como is hearing voices "telling me bad things like 'you're not good.'"  A.R. 311.  It is not clear that this is a psychotic episode as opposed to Como's description of how he feels about himself.  *E.g.*, A.R. 263-264.

[5]     Defendant cites A.R. 319, but that page refers to the fact that Como has had no drink in 2 or 3 months as of September 2004.  Como previously reported to Vintos that he was clean and sober for 2 years as of December 2003.  A.R. 239.  The one reference cited by Defendant is not sufficient to constitute "medical evidence" of alcohol abuse.

9

disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

The vocational expert testified that an individual with the psychological limitations described by Dr. Salonga would not be able to perform any jobs. A.R. 374-375. Therefore, the Commissioner cannot meet its burden under Step Five as of March 18, 2003. Because Como's entitlement to benefits is clear and no useful purpose would be served by further administrative proceedings, the ALJ's decision is reversed and remanded for an award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2006).

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for payment of benefits during the period commencing March 18, 2003.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 17, 2007

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

10